IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ABDULLAH DILSOZ,

Petitioner,

vs.

Respondent.

**8:26CV556**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Abdullah Dilsoz's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on September 21, 2026. Filing No. 1. Upon review, and as explained below, this Court lacks jurisdiction over Petitioner's habeas petition and the Court will transfer this case to the District Court of the Southern District of Iowa where Petitioner is currently confined.

Petitioner challenges his immigration detention in the Pottawattamie County Jail in Council Bluffs, Iowa, pursuant to the orders of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner utilized the Form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 but did not list himself as the petitioner in the caption, nor did he list a respondent. *See* Filing No. 1 at 1. Petitioner alleges that he has been in ICE custody since July 11, 2025, his detention is illegal and violates his rights to due process, and he seeks release from that custody. *Id*. at 4, 8.

Upon review, the Court finds that Petitioner filed his petition in the wrong court. The Supreme Court has held that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 443 (2004). Here, Petitioner is confined at a facility in Council Bluffs, Iowa. Though Petitioner has not named a respondent, "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435; *see also Id*. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). Thus, where "a habeas petitioner is directly challenging the legality of his current custody, and seeking immediate release from his current confinement, he must seek a writ of habeas corpus that would be directed to his immediate custodian, and he must seek such relief in the district in which he is confined." *Alonso v. Off. of Couns./immigration & Customs Enf't*, No. 13CV02514, 2013 WL 5999485, at *2 (D. Minn. Nov. 12, 2013); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 952–53 (7th Cir. 2006) (when an ICE detainee files a habeas corpus petition that directly challenges the legality of his current confinement, his immediate custodian must be the named respondent, and his petition must be filed in the district in which he is confined).

Petitioner is plainly challenging his present confinement in the Pottawattamie County Jail in Council Bluffs, Iowa. Therefore, as *Padilla* dictates, the proper respondent in this action is Petitioner's immediate custodian, i.e., the warden or chief executive official at the Pottawattamie County Jail, which is located in the Southern District of Iowa. Because neither Petitioner nor his immediate custodian is located in the District of Nebraska, this Court cannot exercise jurisdiction in this matter and cannot consider and decide the merits of Petitioner's habeas petition.

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred. In this case, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Iowa[1] where Petitioner is confined and his immediate custodian is located.

IT IS THEREFORE ORDERED that:

1. This Court lacks jurisdiction over Petitioner's habeas petition. However, in the interest of justice, the Court will transfer this matter to the United States District Court for the Southern District of Iowa.

2. The Clerk of the Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Southern District of Iowa.

3. Because this case is being transferred, the Court will leave collection of the necessary $5.00 filing fee or any determination of Petitioner's authorization to proceed without payment of the filing fee to the receiving court.

4. The Clerk of the Court shall immediately close and terminate this case in the District of Nebraska.

Dated this 22nd day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

[1] The U.S. District Court for the Southern District of Iowa, Western Division, is located at 2146 27th Avenue, Council Bluffs, Iowa 51501.